IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIDGETTE HARRIS

v.

:
:
:

:
:

Civil Action No. DKC 06-1634
Criminal Case No. DKC 03-0047

UNITED STATES OF AMERICA

:

:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of
Petitioner Bridgette Harris to vacate, set aside, or correct her
sentence. (ECF No. 45). The issues are fully briefed and the
court now rules. For the reasons that follow, the motion will
be denied.

**I.  Background**

After being indicted on twelve counts, Petitioner Bridgette
Harris pled guilty pursuant to a written plea agreement to two
counts of bankruptcy fraud and two counts of fraudulent
conveyances of property in bankruptcy on March 26, 2004. At
sentencing on January 24, 2005, the court sentenced Harris to 18
months imprisonment, three years supervised release, and ordered
restitution. Harris then noted an appeal to the United States
Court of Appeals for the Fourth Circuit, but the appeal was
dismissed for failure to prosecute on June 29, 2005. Harris
filed the instant petition on June 26, 2006. (ECF No. 45).

After the government opposed on August 18, 2006 (ECF No. 47), Harris filed a reply (ECF No. 50).

## II.  Standard of Review

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  A pro se movant such as Harris is of course entitled to have her arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978).  But if the Section 2255 motion, along with the files and records of the case, conclusively shows that she is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

## III. Analysis

Harris advances four claims in her Section 2255 petition. First, she suggests that she received ineffective assistance of counsel, as her trial counsel allegedly failed "to offer evidence to counter the government's proffer in any hearing" and failed to call character witnesses at her sentencing.  Second, she asserts that this court labored under a conflict of interest when it sentenced her.  Finally, in her last two claims, she

advances two related assertions: (1) that she lacked the requisite intent to commit the offenses to which she ultimately pled guilty, and (2) that she suffered from diminished capacity and "did not appreciate the nature of her actions."

### A. Ineffective Assistance of Counsel

Harris first contends that she received ineffective assistance of counsel. Such claims are governed by the well-settled standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the *Strickland* standard, the petitioner must show both that her attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, she must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In applying *Strickland*, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must judge the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the

fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000).

Furthermore, a determination need not be made concerning the

attorney's performance if it is clear that no prejudice would

have resulted even had the attorney's performance been

deficient. *See Strickland*, 466 U.S. at 697.[1]

Harris maintains that trial counsel failed to counter the

government's "proffer"[2] and presented none of her proposed

character witnesses. On reply, she also suggests that trial

counsel did not offer any mitigation evidence at sentencing. It

is true that "an attorney's deficient performance at sentencing,

if such performance proved prejudicial to the defendant, would

constitute ineffective assistance," *Kratsas v. United States*,

102 F.Supp.2d 320, 329 (D.Md. 2000), but that is not what

happened here. "Although counsel should conduct a reasonable

investigation into potential defenses, *Strickland* does not

impose a constitutional requirement that counsel uncover [and

present] every scrap of evidence that could conceivably help

---

[1]    The Supreme Court recently admonished that defendants
claiming ineffective assistance of counsel in a case ending with
a guilty plea face an especially high burden. *See Premo v.
Moore*, 131 S.Ct. 733, 745-46 (2011).

[2]    One assumes that Harris refers here to the sentencing
hearing, as Harris pled guilty and never went to trial.

their client." *Tucker v. Ozmint*, 350 F.3d 433, 442 (4th Cir. 2003) (quotation marks omitted).

As Harris herself admits, trial counsel arranged for her to undergo a mental health evaluation before sentencing. Using the evaluation and Harris' mental health history, counsel argued that Harris suffered from a degree of "diminished capacity" supporting a downward departure from the Guidelines range. He noted her struggles with alcohol and her traumatic brain injuries. He cited her diagnosis of bi-polar disorder. And, contrary to Harris' allegation, counsel did in fact note – both at the hearing and in his sentencing memorandum – Harris' contention that her ex-husband had secretly been injecting her with drugs or alcohol.

Counsel also made an argument that a downward departure was justified because her criminal history was overrepresented. In particular, counsel contended that several of Harris' previous offenses stemmed from a single period of alcohol abuse. That argument ultimately proved persuasive, convincing the court to adjust Harris' criminal history category from a four to a two. In short, trial counsel was not deficient; he offered arguments

concerning "mitigation" at Harris' sentencing that resulted in her receipt of a lower sentence.[3]

Finally, defense counsel's decision not to call character witnesses at the sentencing hearing was not deficient performance. "[T]he decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which we must afford enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (quotation marks, brackets, and ellipses omitted). In this case, counsel submitted at least five character letters from various individuals in support of Harris. The letters provided background on Harris as a young person, detailed problems and abuse in her previous marriage, and applauded her successful professional development. In almost every letter, the letter writers expressed support and concern for Harris. Thus, the letters gathered by trial counsel made the court well aware that a number of people supported Harris and thought highly of her character. That counsel chose to let those letters stand on their own was a reasonable choice, as further testimony at sentencing would have largely been

---

[3]   Of course, defense counsel was also constrained by the fact and Guidelines stipulations found in the written plea agreement.

cumulative. *Cf. Noland v. French*, 134 F.3d 208, 218 (4th Cir. 1998) (finding trial counsel was not ineffective in failing to present testimony at sentencing that "would only reiterate what had already been presented").

In her reply, Harris also briefly argues that her counsel was ineffective in failing to file a recusal motion. There were no grounds for such a motion here. The court's handling of a prior case involving Harris could not be reasonably interpreted as having any effect on its impartiality, as "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also, e.g.*, *Marks v. Cook*, 347 F.App'x 915, 917 (4th Cir. 2009) (finding, where district court had presided over prior criminal action, district court did not err in denying motion for recusal in subsequent civil proceeding). In addition, the fact that an attorney appears frequently within a given judicial district is not reason for recusal. *See Piechowicz v. United States*, 885 F.2d 1207, 1211 (4th Cir. 1989). Counsel is not ineffective in failing to file a non-meritorious recusal motion. *See, e.g.*, *Garcia v. United States*, 15 F.Supp. 367, 380 (S.D.N.Y. 1998).

Harris received effective assistance.[4]

## B.    Additional Claims

Harris makes three additional claims unrelated to ineffective assistance.  First, she argues that the sentencing judge operated under a conflict of interest.  Second, she says that the suffered from diminished capacity at the time of the relevant offenses and at the time of her plea.  Third, and finally, she insists that she did not possess any criminal intent.[5]

---

[4]    In 2003, the court ordered Harris to undergo a competency evaluation performed by the Bureau of Prisons.  On reply, Harris makes an argument that her attorney rendered ineffective assistance (and caused her to suffer a violation of her Eighth Amendment rights) by failing to inform her that she could have "self-surrendered" for this evaluation.  Harris states that she was consequently forced to travel with "criminals" and was subjected to abuse by prison officials.  Even if one assumes that counsel performed deficiently in failing to inform Harris about a right to surrender voluntarily, she has not established any prejudice from that deficiency.

[5]  All of these claims could have been raised on direct appeal, but were not.  "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains."  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (quotation marks omitted).[5]  The principle applies even where a petitioner files her Section 2255 petition following an unappealed guilty plea.  *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994).  Nevertheless, "procedural default is not jurisdictional, and is waived to the extent that it is not raised by the government."  *United States v. Anjum*, 961 F.Supp. 883, 888 (D.Md. 1997); *accord Ferrell v. United*

Harris' claim that the court sentenced her while operating under a conflict of interest has already been dispensed with in the context of her ineffective assistance claims. There was no conflict of interest here.

Harris next contends that she suffered from diminished capacity either at the time of her plea or at the time of the relevant offense. As described above and noted by Respondent, the court considered much evidence concerning Petitioner's mental health history at the sentencing proceeding. The evaluation conducted when Petitioner was released on supervised release does not add anything to the information available earlier. At sentencing, the court rejected the argument for a guideline departure based on Petitioner's assertion that she suffered from diminished capacity at the time of her offense. The evidence and Harris' long history of alcoholism established that any diminished capacity resulted from her voluntary use of alcohol. The Guidelines prohibit any diminished capacity

_States_, No. 04-2896, 2010 WL 4183263, at *3 n.1 (D.Md. Oct. 22, 2003). Although courts have been willing to excuse such a waiver in "unique circumstances," _United States v. Linder_, 552 F.3d 391, 397 (4th Cir. 2009), it is not obvious that such circumstances exist here. Therefore, the court considers the merits of Harris' claims.

departure premised on the "voluntary use of drugs or other intoxicants." USSG § 5K2.13. Despite that finding, the court took into account the mental health information in determining the sentence. To the extent she alleges that she suffered from "diminished capacity" at the time of her plea, rendering her incompetent to stand trial, the court explicitly determined that she was competent to stand trial and competent to enter her plea based on an evaluation and an extensive colloquy with Petitioner. Harris has provided nothing to suggest that those determinations were incorrect.

Harris' last argument – that she lacked the requisite intent to commit the crimes to which she pled guilty – is essentially an attempt to withdraw her guilty plea long after the fact.[6] The facts to which she stipulated in the plea agreement state that she acted "knowingly and willfully." At the Rule 11 hearing, Harris swore under oath that the stipulated facts were true. Without any credible evidence of innocence, Harris is bound by those representations and cannot attack them in this proceeding. "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly

---

[6] Harris does not evidently argue, however, that that her plea was not knowing and voluntary.

10

contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks and citations omitted); *see also United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003) (holding that conclusory assertions of innocence do not justify withdrawal of guilty plea); *Fields v. Att'y Gen.,* 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Indeed, the Fourth Circuit has rejected almost an identical attempt to attack a plea based on an alleged lack of intent:

> In this case appellant stipulated to a lengthy and detailed set of facts. The trial court satisfied itself as to the factual basis for the plea, and assured itself that appellant understood the indictment against him. The court considered the education, intelligence and sophistication of the appellant, and determined that his plea was knowing and voluntary. Appellant's later claim that he did not have the requisite intent for money laundering is not sufficient to set aside the plea. As we have stated previously, statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea.

*United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (quotation marks and brackets omitted).

In sum, Harris has not provided any basis for ordering relief under Section 2255.

**IV.  Conclusion**

For the foregoing reasons, Harris' motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a

procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Harris does not satisfy the above standard.

A separate order will follow.

                                                             /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge